Chancellor Mathews
delivered the decree of the court.
C-. Dupont’s estate was confiscated, and the lands sold by the commissioners of confiscated estates, and bonds were taken from the purchasers. A special act of the legislature appropriated to Jane Yilleponteux, the sum of 472l. 17s. 7d. out of the said estate, in preference to other creditors, under peculiar circumstances of claim; „ . , , , i or'payment ot which the commissioners assigned to her Wainwright’s bond. Nutt and other creditors got the bonds of other purchasers. Glover one of the purclia-sers iands of the estate, got relieved from his'purchase, by decree of this court; and Wainwright also applied to ^be court to be relieved. Jane Yilleponteux meanwhile assigned the bond of Wainwright to J. Reid the complainant, who applied to the court to enjoin defendant ^1’0® se^hig the land purchased by Glover (and which was about to be resolil to pay Nutt) under an idea that ^10 ^an^ bought by Wainwright (out of which grew the bond, which was assigned to J. Yilleponteux and by her to would bcinsufficienttopay thehond, at the present reduced prices of land, if Wainwright should be released pTOIn ys pU1.c]iase, as Glover had been. That complainant had a lion on all the lands of the estate of G. Du- *461 pont, for payment of Ids bond, under tbe act of the legislature giving Jane Villeponteux a priority of payment out of G-. Dupont’s estate. The court was of opinion, that J. Reid bad no lien. Tbe lands had been sold to different persons, and J. Villeponteux bad made her election out of the bonds: and the bond she chose being assigned to her, the act ot the legislature was fulfilled, and the other ere-ditors of J. Dupont were entitled to the remainder. The court therefore dismissed so much of the bill as related to this point, but retained so much of the bill as related to Wainwright’s purchase, until the final decision of the cause depending before the court, between Wainwright and the commissioners of forfeited estates.
OCTOBER, 1795.